NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4905-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAKE PASCUCCI,

    Defendant-Appellant.

_____

<table>
<tr><td>APPROVED FOR PUBLICATION<br><br>April 6, 2020<br><br>APPELLATE DIVISION</td></tr>
</table>

Submitted September 18, 2019 – Decided  April 6, 2020

Before Judges Fuentes, Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No.18-04-0261.

Benedict and Altman, attorneys for appellant (Steven D. Altman and Philip Nettl, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Lauren Bonfiglio, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Jake Pascucci pleaded guilty pursuant to a negotiated plea agreement with the State to an accusation charging him with third degree strict

liability vehicular homicide. N.J.S.A. 2C:11-5.3a. Consistent with the terms of the plea agreement, the Criminal Part judge sentenced defendant to a five-year term of probation, conditioned on defendant serving 364 days in the county jail pursuant to N.J.S.A. 2C:45-1(e). Mitigating factor five, N.J.S.A. 2C:44-1b(5), allows the judge to consider whether the victim's conduct induced or facilitated the commission of the crime. The sentencing judge concluded that mitigating factor five is inapplicable to this case as a matter of law because N.J.S.A. 2C:11-5.3d provides: "It shall not be a defense to a prosecution under this section that the decedent contributed to his [or her] own death by reckless or negligent conduct or operation of a motor vehicle or vessel."

In this appeal, defendant argues the sentencing judge misconstrued the scope of N.J.S.A. 2C:11-5.3d when he held he was per se precluded from considering the applicability of mitigating factor five. Defendant claims the judge's erroneous refusal to consider evidence in the record that supports a finding of mitigating factor five requires that we remand this matter for resentencing. The State concedes "the judge mistakenly believed that the language of the statute precluded him from finding mitigating factor five[.]" The State nevertheless argues that the judge "properly declined to apply that mitigating factor."

We disagree with the State's position and remand this matter for resentencing. It is our duty as an appellate court to determine: (1) whether the judge followed the correct sentencing guidelines, (2) whether there is substantial evidence in the record to support the judge's findings of fact, and (3) whether the judge clearly erred when he reached a conclusion that was not reasonably based upon a weighing all of the relevant factors. State v. Roth, 95 N.J. 334, 365-66 (1984). Guided by these fundamental principles, we are satisfied this sentence cannot stand because the judge did not conduct a qualitative analysis of all of the relevant sentencing factors on the record. State v. Fuentes, 217 N.J. 57, 70 (2014).

A plain reading of the text in N.J.S.A. 2C:11-5.3d shows the Legislature intended to prohibit a defendant from presenting evidence of the victim's conduct as an affirmative defense in the prosecution of this offense. The sentencing judge clearly erred when he refused to consider whether the record supported finding mitigating factor five.

We gather the following facts from the record developed before the trial court.

I

At approximately 8:15 p.m. on September 22, 2017, defendant Jake Pascucci, an off-duty City of Long Branch Police Officer, was driving a Jeep

Grand Cherokee on Ocean Boulevard when he struck and killed a pedestrian at the intersection of Ocean Boulevard and South Broadway. The victim was a sixty-six-year-old woman. The detectives who responded to the scene detected an odor of alcoholic beverage emanating from defendant's breath and his person and noticed his speech and movements were slow and lethargic. Defendant invoked his right to consult with an attorney and declined to provide a statement to the detectives.

The emergency medical staff who responded to the accident transported defendant to the Monmouth Medical Center. Defendant consented to provide a sample of his blood for toxicological testing. The analysis revealed his blood alcohol content (BAC) was above the presumptive level of intoxication under N.J.S.A. 39:4-50(a).[1] On February 22, 2018, detectives from the Middlesex County Prosecutor's Office charged defendant with third degree strict liability vehicular homicide, N.J.S.A. 2C:11-5.3a, and driving a vehicle while intoxicated (DWI), N.J.S.A. 39:4-50(a).

---

[1] Detectives from the Monmouth County Prosecutor's Office initially investigated this case. Due to the conflict of interest presented by defendant's status as a law enforcement officer with the Long Branch Police Department, on September 27, 2017, the Attorney General transferred the investigation to the Middlesex County Prosecutor's Office. On November 9, 2017, defendant, joined by the State, moved to change venue of the case to Middlesex County. On December 22, 2017, the Monmouth County Assignment Judge transferred venue to Middlesex County.

A-4905-17T2

On April 3, 2018, defendant entered into a negotiated agreement with the State through which he waived his right to have this case presented to a grand jury and pleaded guilty to an accusation that charged him with third degree strict liability vehicular homicide and DWI. Defense counsel addressed defendant directly at the plea hearing to confirm he understood the terms of the plea agreement:

> DEFENSE COUNSEL: And the plea agreement that was reached with the State is the State at sentencing is going to stand before the Judge and ask the Judge to place you on probation and as a condition of probation that you be sentenced to serve 364 days in the Middlesex County Adult Correction Center. Do you understand that?
>
> DEFENDANT: Yes I do.
>
> DEFENSE COUNSEL: That's what the State is going to ask for and I, on your behalf, can ask the Judge to put you on straight probation with no jail at all.
>
> DEFENDANT: Yes.
>
> DEFENSE COUNSEL: And you understand it's going to be completely within the discretion of the Judge what's going to happen in terms of that County jail sentence. Do you understand that?
>
> DEFENDANT: Yes, I do.
>
> DEFENSE COUNSEL: And you also understand that you're going to forfeit your law enforcement employment. Correct?
>
> DEFENDANT: Yes, I do.

5

As part of his plea allocution, defendant stipulated that at the time he struck and killed sixty-six-year-old K.B.,[2] he was "under the influence with a blood alcohol reading of .08 or in excess," which made him legally intoxicated under N.J.S.A. 39:4-50(a).

The court held the sentencing hearing on June 28, 2018. The prosecutor and defense counsel submitted legal memoranda in support of their respective positions. The judge also considered the information contained in the presentence investigation report[3] as well as the sentencing recommendations made therein. Four individuals spoke on defendant's behalf: a Lieutenant in the Long Branch Police Department; a man who described himself as one of defendant's "best friends"; defendant's maternal uncle, who identified himself as a former police officer; and defendant's mother. Eight members of the victim's family and close friends addressed the judge. They included the victim's husband, her daughter, two of her siblings, her brother-in-law, the reverend of her church, and two of her close friends.

Defense counsel argued the record did not support finding any aggravating factors under N.J.S.A. 2C:44-1a. Although specific deterrence is

[2]  We refer to the victim by her initials out of respect to the members of her family. See N.J.S.A. 52:4B-36a.

[3]  See N.J.S.A. 2C:44-6; R. 3:21-2.

A-4905-17T2

axiomatic in a case of vehicular homicide caused by an intoxicated driver, defense counsel argued aggravating factor nine, N.J.S.A. 2C:44-1a(9), was not applicable here because defendant had lived an exemplary life. With respect to the concept of general deterrence, defense counsel argued the Legislature incorporated general deterrence of drunk driving as an element of this strict liability crime. Thus, finding aggravating factor nine in this case would constitute double counting.

Conversely, defense counsel argued the record supported mitigating factor N.J.S.A. 2C:44-1b(2) (defendant did not contemplate that his conduct would cause or threaten serious harm), N.J.S.A. 2C:44-1b(4) (there were substantial grounds tending to excuse or justify defendant's conduct, though failing to establish a defense), N.J.S.A. 2C:44-1b(5) (the victim of defendant's conduct induced or facilitated its commission), N.J.S.A. 2C:44-1b(7) (defendant does not have a history of prior delinquency or criminal activity and led a law-abiding life before the commission of this offense), N.J.S.A. 2C:44-1b(8) (defendant's conduct was the result of circumstances unlikely to recur), N.J.S.A. 2C:44-1b(9) (defendant's character and attitude indicate that he is unlikely to commit another offense), and N.J.S.A. 2C:44-1b(10) (defendant is particularly likely to respond affirmatively to probationary treatment). In this light, defense counsel asked the court to impose a

probationary sentence without requiring defendant to serve a custodial term of imprisonment as a condition of his probation, as authorized under N.J.S.A. 2C:45-1(e).

The State urged the court to reject defendant's request to find mitigating factors N.J.S.A. 2C:44-1b(2) and (4) because the evidence did not provide any justification or explanation for his decision to drive while intoxicated. The prosecutor emphasized that the area where this occurred "was an open intersection" and K.B. was "visibly crossing an open intersection" when defendant drove his car into her. The prosecutor argued mitigating factor N.J.S.A. 2C:44-1b(5) was not applicable because the record did not show the victim induced defendant to drive while intoxicated or otherwise facilitated her own death. The prosecutor also argued the record of this case clearly supported finding aggravating factor N.J.S.A. 2C:44-1a(9). K.B.'s tragic death indisputably demonstrated the need to strongly deter defendant and others like him from driving while intoxicated.

The judge found aggravating factor N.J.S.A. 2C:44-1a(9), and mitigating factors N.J.S.A. 2C:44-1b(7), (8), (9), and (10), and sentenced defendant to a five-year term of probation, conditioned on serving 364 days in the Middlesex County Adult Corrections Center and completing an alcohol dependence evaluation. If recommended by his probation officer, defendant was required

to enroll in an out-patient or in-patient program for drug education, therapy, and rehabilitation and complete all prescribed follow-up programs, until medically discharged. As a further condition of his probation, the court ordered defendant "to find a new job within 30 days of release from the Middlesex County Adult Correction Center." The trial court stayed the execution of the sentence pending the outcome of this appeal.

## II

The only issues defendant raises on appeal concern the sentence imposed by the trial court:

> POINT ONE
>
> I. DEFENDANT'S SENTENCE WAS EXCESSIVE, BECAUSE THE SENTENCING COURT UNNCESSARILY CONSTRAINED ITSELF FROM FINDING ALL MITIGATING FACTORS, AND DID NOT EXPLAIN THE JUSTIFICATION FOR INCARCERATION.
>
> > A. The sentencing court unreasonably "precluded" itself from considering applicable mitigating factors.
> >
> > > 1. The victim's role in the offense.
> > >
> > > 2. Defendant's extrapolated BAC.
> >
> > B. The sentencing court's finding of Aggravating Factor 9 was not supported by the record.

C. The trial court did not give a statement of reasons for imposing a custodial condition of probation.

We agree the judge erred as a matter of law when he refused to find mitigating factor five. We are thus compelled to remand this matter for resentencing.

N.J.S.A. 2C:11-5.3a became effective on July 21, 2017, sixty-three days before the incident that took K.B.'s life on September 22, 2017. The Model Jury Charge the Supreme Court approved for this offense provides:

> In order for you to find the defendant guilty of this crime, the State must prove each of the following elements beyond a reasonable doubt:
>
> 1. That the defendant was driving a vehicle;
>
> 2. That the defendant caused the death of . . . the victim[]; and
>
> 3. That the defendant caused such death by driving a vehicle while intoxicated in violation of N.J.S.A. 39:4-50.
>
> [Model Jury Charges (Criminal), "Strict Liability Vehicular Homicide Driving While Intoxicated (N.J.S.A. 2C:11-5.3a)" (approved July 21, 2017).]

N.J.S.A. 2C:11-5.3d provides: "It shall not be a defense to a prosecution under this section that the decedent contributed to his own death by reckless or negligent conduct or operation of a motor vehicle or vessel." (Emphasis added).

10

The Supreme Court recently reaffirmed the guiding principles judges must follow when confronted with a question of statutory construction:

> Our objective in interpreting any statute is to give effect to the Legislature's intent. Frugis v. Bracigliano, 177 N.J. 250, 280 (2003). When the clear language of the statute expresses the Legislature's intent, our analysis need go no further. Shelton v. Restaurant.com, Inc., 214 N.J. 419, 429 (2013). When a plain reading of the statute allows for more than one plausible interpretation or leads to an absurd result or a result at odds with the overall statutory scheme, we may turn to extrinsic evidence. DiProspero v. Penn, 183 N.J. 477, 492-93 (2005).
>
> [McClain v. Bd. of Review, Dept. of Labor, 237 N.J. 445, 456 (2019).]

A plain reading of the text in N.J.S.A. 2C:11-5.3d shows the Legislature intended to preclude a defendant from presenting evidence of the victim's conduct as an affirmative defense in the prosecution of this offense. The judge erroneously construed the language in N.J.S.A. 2C:11-5.3d to preclude him from considering whether the victim's conduct induced or facilitated her own death, as provided in mitigating factor N.J.S.A. 2C:44-1b(5).

Here, the appellate record contains an independent eyewitness account of the incident. This person gave a formal statement to Detective Eric Kerecman on September 26, 2017. The witness was stopped at a traffic light located on Broadway waiting to turn right onto Ocean Avenue. The statement

the witness gave to Detective Kerecman provides the following account of how

the incident occurred:

> There was somebody in front of me who wasn't turning that's why I was stationary. At that point I saw across the street there was a woman wearing [an] oversized white t-shirt, it looked like she was in pajamas. She was crossing the street on the North bound side and didn't have the right of way. <u>She walked through the grassy median and casually took a few steps off into the South bound lanes and started sprinting. The car came full speed and never saw her, from what I could tell, and hit her head on</u>. She flew over the entire intersection and landed about approximately ten feet in the south bound lane on the road but against the medians curb.
>
> [(Emphasis added).]

The judge made the following comments with respect to the applicability

of mitigating factor five:

> Defendant argues that [the victim] may have . . . some responsibility for being in the roadway that night, at night, perhaps not in the crosswalk, and subjecting herself to oncoming traffic.
>
> The State, on the other hand, argues that [the victim] did not force . . . defendant to consume any alcohol.
>
> This court has an obligation to look at all of the circumstances surrounding the incident. To the extent to which the victim may or may not have contributed to the accident would require a hearing, the testimony of witnesses, an accident reconstructionist. <u>And at the end of the argument none of that applies here because of the nature of this statute.</u>

[(Emphasis added).]

The judge also stated he was "familiar" with the statement the witness gave to Detective Kerecman four days after the incident. The judge made clear that in his judgment, he was legally precluded from considering this evidence in determining whether defendant was entitled to assert mitigating factor five.

> Even if the victim ran into the road the statute makes the offense one of a third-degree in contemplation that . . . a defendant cannot argue a contributing act of the victim, because this used to be a second-degree offense where there had to be reckless conduct.
>
> This law was enacted, if you will, to say, regardless of a victim's contributory negligence, that the driver being a link in the chain that causes the death, by simply being in the vehicle and being under the influence is enough for a conviction.
>
> In essence, that the act, the death would not have occurred if the defendant did not get in the car while intoxicated.

We conclude the judge's erroneous construction of N.J.S.A. 2C:11-5.3d deprived defendant of a qualitative assessment of all the relevant mitigating factors. State v. Case, 220 N.J. 49, 64 (2014). Under these circumstances, our only viable option is to remand the matter to allow the judge to consider the witness's statement and determine whether the record supports a finding of

13

mitigating factor five.  State v. Dalziel, 182 N.J. 494, 505 (2005).   The judge

must thereafter reconsider the entire record and

> state reasons for imposing such sentence including
> findings pursuant to the criteria for withholding or
> imposing imprisonment or fines under N.J.S.A. 2C:44-
> 1 to 2C:44-3; the factual basis supporting a finding of
> particular aggravating or mitigating factors affecting
> sentence; and, if applicable, the reasons for ordering
> forfeiture of public office, position or employment,
> pursuant to N.J.S.A. 2C:51-2.
>
> [R. 3:21-4(g).]

In light of this determination, we do not reach defendant's remaining

arguments.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION